## MACHATERRE v. DUSHA, et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1961. Decided Dec. 19, 1927.

**First Publication of This Opinion**

Syllabus by Editorial Staff.

**TRIAL.**

(590 Ma) Use, by counsel, in argument of language charging opposing counsel with conduct unprofessional or criminal, there being in the evidence no foundation for such charges, together with conduct which surrounded the trial with an atmosphere, making a fair and impartial verdict impossible, constitutes prejudicial error.

Imperative duty of trial judge to promptly check argument of prejudicial character which amounts to misconduct of counsel.

Error to Common Pleas.

Judgment reversed.

James Harrington Boyd, Toledo, for Machaterre.

Doyle & Lewis and Fraser, Hiett, Wall & Effler, Toledo, for Dusha.

### STATEMENT OF FACTS.

The evidence in this case discloses that the plaintiff was a minor about seven years of age and was struck by a trailer of the defendant, which was attached to and being drawn by defendants' motor truck. The claim of the plaintiff below was that he was standing on the curb and that the trailer swung over the curb and hit him. The claim of the defendant below was that the plaintiff ran into the street and into the moving trailer and thereby sustained his injury. Each of these claims was supported by evidence. Upon trial in the Common Pleas Court the jury returned a ver-

dict for the defendant on which judgment was entered. To this judgment the plaintiff below, as plaintiff in error here, prosecutes this proceeding in error.

The only question which merits discussion is the claim that Mr. Fraser, one of the attorneys for the defendant below, was guilty of misconduct in his argument to the jury.

Defendant's counsel asserted that the witness Donnelly expected or was to receive pay for his testimony, and that the natural inference was that the parents of the injured boy and counsel for plaintiff himself had coached **this witness to swear falsely.** Defendant's counsel thereupon charged plaintiff's counsel with cowardice and with asserting by innuendo what he dared not assert in fact, in that he claimed that plaintiff's counsel indirectly charged the witness, Charles Lemmon, now judge of the Municipal Court of Toledo, with forgery. Defendant's counsel further charged that the act of plaintiff's counsel in making the accusation against Judge Lemmon was hardly worthy of a member of the bar. In the midst of the argument plaintiff's counsel disclaimed that he had charged Judge Lemmon with forgery and, notwithstanding the disclaimer, defendant's counsel continued his argument along the same line, referring to the position of plaintiff's counsel as "crazy" and "asinine," and his conduct as an outrage, and wound up by stating that there was nothing in the lawsuit, that it was not entitled to recognition by a court or jury and that plaintiff's case was made up of whole cloth and wholesale perjury.

WILLIAMS, J.

The counsel for defendant who made these statements is a member of the bar of this county of long and wide experience, covering many years. He said he would probably say a plenty, and he did. By the language used he charged counsel for plaintiff with conduct unprofessional, if not criminal, and for the charges there was no foundation in the evidence. It would seem that regard for truth should have dictated a different course. It is the duty of an attorney, as an officer of the court, to aid in the administration of justice, a fact undoubtedly well-known to defendant's counsel and yet the record discloses that the trial was surrounded by an atmosphere which made a fair and impartial verdict impossible. It is well settled in Ohio that such conduct on the part of counsel constitutes error prejudicial to the plaintiff in error.

Hayes v. Smith, 62 Ohio St., 161, 186;

Erie R. R. Co. v. McCormick, 69 Ohio St., 45, 56;

Miller v. State, 73 Ohio St., 195, 205.

It is the imperative duty of a trial judge to promptly check argument of a prejudicial character which amounts to misconduct of counsel, and this duty may often arise where there is no objection or exception by opposing counsel. It was especially the duty of the trial judge to interefere in the instant case, as the objectionable matter was excepted to by plaintiff's counsel. It may be that there were admonitions of the trial judge, previous to the calling in of the stenographer, which went unheeded. But even if admonition failed, this county has the "full complement of county buildings," and it was the duty of the trial judge, as it is always his duty, to take the most drastic action, if necessary, to stop such improper practice.

Defendant's counsel was guilty of such misconduct as amounted to error prejudicial to the plaintiff, and for that reason the judgment of the court below will be reversed and the cause remanded for a new trial.

(Richards and Lloyd, JJ., concur.)